FILED
SUPERIOR COURT
OF GUAM

2014 AUG 18 AM 10: 20

CLERK OF COURT
BY: _____

**IN THE SUPERIOR COURT**
**OF GUAM**

RONI S. SELLMANN,                    )        Domestic Case no. DM0802-09
                                     )
            Plaintiff,               )
                                     )
      vs.                            )
                                     )        **DECISION AND ORDER**
JAMES D. SELLMANN,                   )
                                     )
            Defendant.               )
_____)

**INTRODUCTION**

Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant's Motion for Reimbursement and Clarification, was placed under advisement by the Honorable Judge Michael J. Bordallo on June 18, 2014. Attorney Daniel S. Somerfleck represents Defendant. Plaintiff appeared *pro se*. Having considered the Parties' arguments and the applicable law, the Court, for the reasons set forth below, grants in part Defendant's Motion.

**BACKGROUND**

The instant action arises out of a complaint for legal separation, which was filed by Plaintiff on December 4, 2009. Defendant filed his answer to the complaint and a counterclaim for divorce on December 28, 2009. On July 7, 2011, the Court entered judgment in favor of Defendant for divorce and issued a final decree of divorce.

Subsequent to the entry of the Decree of Divorce the Parties have continued to contest the adequacy of the other's compliance with the terms of the decree and the Court's orders in

this matter. On February 21, 2014, Defendant filed the instant motion. In it he requests that of the payments he made toward the Parties' community debts, he be awarded a half interest or credit in the following paid obligations:

1. $33,629.00 for twenty months of post-separation, pre-divorce mortgage payments;
2. $ 2,200.00 for payments on the line of credit;
3. $ 4,995.00 for payments on the Oppenheimer debt;
4. $ 6,066.00 for payments on the Coast 360 debt;
5. $ 2,600.00 for payments on the FHB Mastercard;
6. $27,751.00 for post-divorce payments on community obligations and the sale of the house;
7. $ 1,498.00 for additional payments on the Oppenheimer debt;
8. $ 780.00 for additional payments on the FHB Mastercard;
9. $ 4,097.00 for additional payments on the Coast 360 debt;
10. $22,333.00 for the estimated value of the household goods retained by Plaintiff;
11. $ 343.00 for the cost of surveying the home and conducting termite control; and
12. $ 2,220.56 for the 2008 tax return.

Mot. at 3-5. Additionally Defendant, asserting that the Court, as a contempt sanction, ordered Plaintiff's payment of Defendant's attorney fees used in the sale of the home, requests that he be reimbursed for $4,125.00 in attorney fees. *Id*. at 3 and 5. In total the Defendant request that the Court award him an interest or credit of $57,412.00 for these undivided obligations.

In yet undivided assets or unpaid obligations from which he might receive the requested credit, Defendant asserts that Parties or Plaintiff retains an interest the following:

1. $ 65,131.60 in escrow from the sale of the house;
2. $ 7,000.00 for fourteen months of unpaid spousal support;
3. $165,015.00 in Defendant's Government of Guam retirement account;
4. $ 23,562.22 in the Oppenheimer account; and
5. $115,811.04 in the ASC trust account, not including the $4,447.00 amount removed by Plaintiff.

Mot. at 5. From the amounts set forth above Defendant requests that he be awarded an undivided interest in his Government of Guam Retirement account and the escrow funds from the sale of the Parties' home for a total of $230,146.60. He requests that the Court award the Plaintiff the remaining assets for a total of $146,373.26.

Plaintiff filed her opposition to Defendant's motion on March 21, 2014. In her opposition Plaintiff asserts and expresses the difficulties that she experienced during the Parties' marriage, separation and divorce, including her dissatisfaction with the legal processes. Plaintiff argues that she should not be obligated to pay for the Coast 360 loan which involved the Defendant's nonconsensual, October 2009 purchase of a new 2008 Subaru Impreza vehicle. Generally Plaintiff argues that she has not been provided with adequate proof of Defendant's payment of the above listed obligations. She further disputes the amount and reasonableness of Defendant's attorney's fees and valuation of the household goods. Plaintiff also asserts that she is entitled to $14,000.00 in unpaid spousal support.

In light of the above and including the emotional toll of the divorce and events leading up to it, Plaintiff requests that Defendant not be credited for his asserted payments and be awarded 30% of his Government of Guam Retirement Account. She requests that she be awarded the balance of the Parties remaining assets.

## DISCUSSION

Chapter 6 of Title 19 of the Guam Code directs a court's division and assignment of community and separate assets, obligations and or property. 19 GCA §§ 6101 *et. seq.* In consideration of the above chapter and the discretion afforded it therein, the Court makes following division of obligations and assets:

1. As against the community assets of the Parties the Defendant shall be credited a total of $47,845.00:

   a) $16,814.50 for twenty months of post-separation, pre-divorce mortgage payments;
   b) $ 1,100.00 for payments on the line of credit;
   c) $ 3,246.50 for payments on the Oppenheimer debt;
   d) $ 1,778.50 for payments on the Coast 360 debt, or on half of approximate 5 year deprecated value when relatively comparing values of the 2008 Subarau Impreza and the 2003 Toyota Camry;

e) $ 1690.00 for payments on the FHB Mastercard;

f) $13,875.50 for post-divorce payments on community obligations and the sale of the house;

g) $ 171.50 for the land survey and termite control costs;

h) $ 1,110.28 for the 2008 tax return;

i) $ 800.00 in attorney fees costs which were used to enforce the sale of the home; and

j) $ 7,258.22 for the estimated value of the household goods retained by Plaintiff;[1]

2. Of the Parties' assets Defendant shall be awarded:

a) $165,015.00 or the current value, whichever is greater, of his Government of Guam retirement account;

b) $ 4,447.00 credit for the amount Plaintiff removed from the ASC trust account;

c) $ 33,162.82 of the monies left in escrow from the sale of the home; and

d) $ 11,781.00 or 50% of the current value, whichever is smaller, of the Oppenheimer account.

3. Of the Parties' assets Plaintiff shall be awarded:

a) $115,811.04 or the current value, whichever is greater, of the ASC trust account;

b) $ 7,000.00 as a credit for unpaid spousal support;

c) $ 31,968.78 of the monies left in escrow from the sale of the home; and

d) $ 11,781.00 or 50% of the current value, whichever is smaller, of the Oppenheimer account.

//

//

---

[1] Upon review of the values ascribed to the itemized household goods in Defendant's declaration the Court finds they were overvalued by approximately 35%; the prices ascribed being near new values while the household items indicated where used.

## CONCLUSION

Based on the foregoing, the Defendant's motion to is Granted in part. Defendant shall submit an amended final decree incorporating the above within 14 days of his receipt of this order.

SO ORDERED, this _18_ day of _AUG._ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam